JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kathy Blosko

**DEFENDANTS**
Kidspeace Corporation

(b) County of Residence of First Listed Plaintiff: Lehigh
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's:
Aston Meshkov
830 Lehigh St.
Easton, PA 18042

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42 USC 12101
Brief description of cause: Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 6/13/12
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHY BLASKO<br>1040 West Maple Street<br>Allentown, PA 18102 | : | |
| Plaintiff | : | Civil Action No.:_____ |
| v. | : | |
| KIDSPEACE CORPORATION<br>4085 Independence Drive<br>Schnecksville, PA 18078 | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## CIVIL ACTION – COMPLAINT

Plaintiff, KATHY BLASKO, brings this action against Defendant, KIDSPEACE CORPORATION, and avers as follows:

## PARTIES

1. Plaintiff, KATHY BLASKO, is an adult individual, citizen and resident of Pennsylvania with an address of 1040 West Maple Street, Allentown.

2. Defendant, KIDSPEACE CORPORATION, is upon information and belief, a registered corporation authorized to do business in Pennsylvania which employs more than one hundred (100) employees with a mailing address of 4085 Independence Drive, Schnecksville, PA 18078.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine Plaintiff's related state law claims arising under the Pennsylvania Human Relations Act

("PHRA"), 43 Pa. C.S.A. § 951 *et seq.*

5.	Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful employment practices alleged below occurred in this District and because both parties reside in this District.

## FACTUAL ALLEGATIONS

6.	Plaintiff began working for Respondent in 1978 in the position of Teacher Aid, a position which she held for thirty-three (33) years until her termination in March 2011.

7.	During the term of her employment, Plaintiff maintained an excellent employment record and was well-regarded by her supervisors and peers.

8.	Plaintiff suffers from arthritis on her knees, of which Defendant is aware.

9.	As a result of her arthritis, Plaintiff has been unable to restrain children if needed because doing so would place too much pressure on her knees.

10.	Plaintiff informed Defendant of this restriction and Defendant in turn provided Plaintiff with a form of reasonable accommodation permitting her to keep her job position as Teacher's Aid but with the limitation that she not be required to restrain children if needed.

11.	Plaintiff surmises that one of the reasons why Defendant was able to extend this reasonable accommodation to Plaintiff was because as a Teacher Aid, she was always accompanied by at least one other person, a Teacher, while attending to classes.

12.	In or about September 2010, Plaintiff was diagnosed with cancer, of which Defendant was aware.

13.	At or about this time, Plaintiff applied for and was granted Short-Term Disability (STD) benefits due to her illness and was out on medical leave of absence from September 2010 until March 2011.

2

14.   The period of leave referred to in the above paragraph was designated by Defendant as FMLA authorized leave.

15.   In March 2011, Plaintiff was cleared by her physician and oncologist, Dr. John B. Villenueve, M.D. to return to work with certain restrictions, namely (a) the need to use a cane for support; (b) to sit during her shift when possible; and (c) to avoid any trauma or pressure on a Port-A-Cath in place on her body which is a device used to administer intravenous chemotherapy.

16.   The specific restrictions referred to in the above paragraph was communicated to her verbally by Dr. Villeneuve before releasing her to work and memorialized in writing by Dr. Villeneuve in a form entitled "Medical Certification of Ability to Return to Work" which he Completed, signed and dated March 15, 2011.

17.   On March 28, 2011, Plaintiff reported to work and completed her shift for the day with the specific restrictions referred to above which were communicated to and afforded by Rick Houck, Site Supervisor.

18.   On March 29, 2011, Plaintiff did not report to work due to illness.

19.   On March 30, 2011, Plaintiff reported to Defendant's headquarters to attend a required CPR class.

20.   After Plaintiff signed in she was instructed to report to Patti McDonald, Human Resources, to provide her the "Medical Certification of Ability to Return to Work" form referred to in paragraph sixteen (16).

21.   When Plaintiff informed Ms. McDonald that she did not have the paperwork with her, Ms. McDonald insisted that Plaintiff return home immediately to produce this paperwork.

3

22. Ms. McDonald's insistence that Plaintiff go home to retrieve this information caused Plaintiff to feel extremely shaken as though she was being penalized and to feel concerned that her job was in jeopardy.

23. Plaintiff returned home and obtained paperwork which accurately described her needed restrictions, which she returned to Mr. Houck at her work site.

24. Approximately one hour after her return, Plaintiff was informed by Mr. Houck that she was to be sent home immediately without further notice or explanation.

25. Rather than proceed home, Plaintiff instead went back to Defendant's headquarters in order to seek an explanation for why she was being sent home.

26. Plaintiff was directed to an office where Ms. McDonald and Lisa Garbacik, Human Resources Manager, were awaiting her.

27. During the meeting which ensued, Plaintiff was informed that Plaintiff could no longer work for Defendant with her Port-A-Cath because of the allegedly volatile nature of some of the children at the facility and that, in essence, Defendant would simply not honor the restriction that Plaintiff's Port-A-Cath not be tampered with or excessive pressure applied to it.

28. Defendant's reasons for failing and refusing to accommodate Plaintiff's reasonable accommodation request is illegitimate and pre-textual and is especially doubtful because the only instance in which Plaintiff's Port-A-Cath could be tampered with would be in the event that Plaintiff would need to restrain a child which Defendant had previously and voluntarily restricted her from performing as an accommodation to her arthritis.

29. Plaintiff's employment was terminated during the meeting with Ms. McDonald and Ms. Garbacik.

## ADMINISTRATIVE EXHAUSTION

30. Plaintiff has satisfied the requirement of exhaustion of administrative remedies for the ADA and PHRA and has received a "Right to Sue" letter dated March 23, 2012.

## COUNT ONE

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, U.S.C. § 12101 *et seq.* – FAILURE TO PROVIDE REASONABLE ACCOMODATION AND DISCRIMINATORY DISCHARGE

31. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

32. Plaintiff is an individual with a disability under the ADA and was otherwise qualified to perform the essential functions of her job.

33. Plaintiff was in need of and requested a reasonable accommodation to her disability.

34. Defendant's refusal to provide a reasonable accommodation and termination of her employment constitutes discrimination in violation of the ADA.

35. Defendant's failure to engage in an interactive process of communication with Plaintiff in order to find a reasonable accommodation to her disability constitutes discrimination in violation of the ADA.

## COUNT TWO

### VIOLATION OF THE PENNSYLANIA HUMAN RELATIONS ACT 43 Pa. C.S.A. § 951 *et seq.* – FAILURE TO PROVIDE REASONABLE ACCOMODATION AND DISCRIMINATORY DISCHARGE (DISABILITY)

36. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

37. Plaintiff is an individual with a disability under the ADA and was otherwise qualified to perform the essential functions of her job.

5

38. Plaintiff was in need of and requested a reasonable accommodation to her disability.

39. Defendant's refusal to provide a reasonable accommodation and termination of her employment constitutes discrimination in violation of the ADA.

40. Defendant's failure to engage in an interactive process of communication with Plaintiff in order to find a reasonable accommodation to her disability constitutes discrimination in violation of the ADA.

## JURY DEMAND

41. Plaintiff demands a trial by jury of all issues in this action.

MESHKOV & BRESLIN

By: /s/ adm2795
ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
830 Lehigh Street
Easton, PA 18042
(T) 610.438.6300 / (F) 610.438.6304

Date: June 10, 2012